OPINION
{¶ 1} On July 26, 1988, appellant, Ghassan Bechara, and appellee, Adlet Bechara, were divorced. On December 27, 2001, appellee filed a motion for enforcement of decree pertaining to certain repairs made on the marital residence which were appellant's responsibility per the divorce decree.
 {¶ 2} A hearing before a magistrate was held on August 9, 2002. On same date, the magistrate filed a decision wherein he found appellant responsible for the repairs in the amount of $21,975.00.
 {¶ 3} Appellant filed objections to the magistrate's decision. A hearing was held on September 23, 2002. By judgment entry filed September 24, 2002, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The decision by the trial court requiring defendant-appellant to pay the $21,975.00 of the sale proceeds of the real estate to plaintiff-appellee as a result of failure to make necessary repairs to the premises is contrary to law."
 I {¶ 6} Appellant claims the trial court erred in ordering him to pay $21,975.00 of the marital residence proceeds to appellee. We disagree.
 {¶ 7} Specifically, appellant argues the trial court's decision of reimbursement to appellee for repairs to the marital residence created a nonequitable distribution of the marital assets, the record does not demonstrate a diminution in value of the marital residence and at best, appellee should only receive the benefit of half of the value of the repairs. We disagree with all of these propositions for the following reasons.
 {¶ 8} The issue of the repairs to the marital residence was specifically incorporated in the original decree and was classified as sustenance alimony to appellee and therefore was not a distribution of marital property:
 {¶ 9} "It is further ORDERED, ADJUDGED and DECREED that the Plaintiff Wife shall pay any and all real estate taxes and insurance which are incurred on said premises subsequent to July 1, 1988. The Plaintiff Wife shall also maintain the residence and the insurance on the residence and be responsible for all maintenance and repair under $100.00. The Defendant Husband shall be responsible for all maintenance and repairs to the extent it exceeds $100.00. The Defendant Husband is to vacate the marital residence on or before July 30, 1988.
 {¶ 10} "It is further ORDERED, ADJUDGED and DECREED that the Order with regards to the maintenance of the property is as and for partial sustenance alimony to the Plaintiff Wife and subject to the continuing jurisdiction of this Court." Judgment Entry — Decree of Divorce filed July 26, 1988.
 {¶ 11} Evidence taken during the hearing established a construction expert examined the residence and assessed repairs in excess of $100.00, said amount being $21,900.00. T. at 6-7, 11; Plaintiff's Exhibit 1 and 2. Appellant had been notified of the need for the repairs, but did not do anything about them. T. at 36-37, 42-43.
 {¶ 12} The magistrate personally viewed the residence and found numerous items in need of repair:
 {¶ 13} "The youngest child of the marriage is now emancipated, and it is time for the house to be listed for sale as directed by the Final Decree. Unfortunately the house is in need of major repairs. The waste lines in the basement under the bathroom are leaking. The wooden floor in the bathroom is rotted out in places with holes going through to the basement. The bath tub tiles are falling off the walls and there are large holes. The sheet rock behind the tiles is rotted out. The ceiling in the hallway needs repaired. The dry wall in the garage needs repaired, as well as the main door of the garage. The driveway has a huge pothole near the street which makes it impossible to exit the drive with any speed. This is a hazardous situation since the property sits on the highly-traveled Applegrove road. There are places in the family room where the floor is sagging so badly it does not meet the wall. The rear porch roof has a large hole which goes right to the sky. The plywood under the shingles is rotted. The soffit has holes in it. The basement steps are loose and need to be repaired. Some of the window trim is rotted to the point where it needs replaced. There are some plumbing problems related to the hot water tank and the water softener. In several places the door jams and casing need to be repaired or replaced. A licensed contractor who toured the property and made estimates testified that these repairs were necessary and that several of the situations were actually hazardous. He did not feel the repairs were the result of normal wear and tear, but rather neglect of small things which led to major problems. The Magistrate also toured this property and would agree with the contractor's assessment. The contractor estimated $21,975.00 to repair these problems. The Defendant, himself, had the property appraised by Mark DePasquale on September 21, 2001. In the comments section, Mr. DePasquale indicates that the property is in average condition and in need of repairs with an estimated cost of $14,000.00 to $18,000.00. Even the Defendant's own appraisal recognizes the need for significant repairs, and the Decree is very specific that the Defendant is responsible for all maintenance and repairs in excess of $100.00. The Court finds the contractor's estimate of repairs to be more specific, more detailed, more recent, and, therefore, more reliable than Mr. Depasquale's comments."
 {¶ 14} The divorce decree retained jurisdiction over the issue, and the evidence, via testimony and a personal view, supports the necessity and value of the needed repairs. Upon review, we find the trial court did not err in ordering the sustenance alimony (repairs) to be paid out of the proceeds from the sale of the marital residence.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
Topic: Repairs to marital residence.